UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN T. PICKERING-GEORGE,<br><br>        Plaintiff,<br><br>      -against-<br><br>GAZIVODA MANAGEMENT LLC; CALVIN SEECHARM; A. GAZIVODA MANAGEMENT PROPERTY; DREAM REALTY CORP.; BRONX TORT UNIT; BRONX COUNTY SHERIFF'S OFFICE;OFFICE OF THE ATTORNEY GENERAL; EILEEN A. RAKOWER; U.S. ATTORNEYS OFFICE; BRONX PRO GROUP LLC,<br><br>        Defendants. | 22-CV-8006 (LTS)<br><br>ORDER OF DISMISSAL<br>UNDER 28 U.S.C. § 1651 |

LAURA TAYLOR SWAIN, Chief United States District Judge:

   By order dated August 25, 2008, Plaintiff was barred from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file.[1] *See Pickering-George v. City of New York Bronx Cnty.*, No. 08-CV-5112 (KMW) (S.D.N.Y. Aug. 25, 2008), *app. dismissed*, No. 08-5355-cv (2d Cir. May 1, 2009).

   In this new complaint, Plaintiff names as Defendants Gazivoda Management LLC, Calvin Seecharm, A. Gazivoda Management Property, Dream Realty Corporation Management, Office of the Bronx District Attorney, the "Bronx Tort Unit," Bronx County Sheriff's Office, Office of the New York State Attorney General, New York Supreme Court Justice Eileen A. Rakower, the United States Attorney's Office for the Southern District of New York, the "Bronx Pro Group," "New Management Jeniffer," and "Belongings Property." (ECF 1, 15-19.) Plaintiff invokes the Court's federal question jurisdiction, 28 U.S.C. § 1331, and also references federal

---

[1] Plaintiff attaches to the complaint a list of his prior 36 cases. (ECF 1 at 46-48.)

criminal statutes and the Court's supplemental jurisdiction, 28 U.S.C. § 1367. (*Id.* at 19.)

The following facts are drawn from the complaint. From 2009 through 2011, Plaintiff "became very ill (bodily organs)," resulting from "non desirable hazardous condition" in his Bronx apartment. (*Id.* at 21.) Plaintiff's landlord engaged in "lockouts, utility shutoff, and tenant belongings." (*Id.* at 23.) There are references to, and attachments from, an Article 78 proceeding that Plaintiff apparently filed in state court in 2012. (*Id.* at 23, 36-38.) Plaintiff was homeless from 2011 through 2022. The complaint also contains multiple lists with such headings as, "Preliminary proceedings of the complaint relief, Fed. Rules of Crim. Proc.," "Communications against 'landlord management of property wiretapping," and "stored communication act." (*Id.* at 13, 21.)

Plaintiff filed this new *pro se* complaint, along with a motion for leave to file. (ECF 1, 2.) In that motion, the sole reason Plaintiff gives for why leave to file should be granted is that Defendants will not be prejudiced if his motion for leave to file is granted. (ECF 2.)

Having thoroughly reviewed the complaint, the Court finds that it is not a departure from Plaintiff's pattern of frivolous litigation. There are no allegations in the pleading that suggest that Plaintiff can state any viable claims falling within this Court's jurisdiction against the named Defendants. The Court therefore denies Plaintiff's request for leave to file this new action IFP, and dismisses the action without prejudice.

## CONCLUSION

The Court denies Plaintiff's motion for leave to file this new action IFP, and the Clerk of Court is directed to terminate it. (ECF 2.) The action is dismissed without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: October 24, 2022
       New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge